UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**THOMAS CHAPMAN**
        **Plaintiff,**

    v.                                                         Case No. 05C0015

**KEITH SELLEN, Director,**
**Office of Lawyer Regulation,**
**and TRINETTE PITTS.**

        **Defendant.**

## DECISION AND ORDER

Pro se plaintiff Thomas Chapman sues defendant Keith Sellen, Director of the Office of Lawyer Regulation in Wisconsin ("OLR"), and a Milwaukee lawyer, Trinette Pitts. Plaintiff alleges that Sellen violated his right to due process by failing to properly review a grievance that plaintiff filed against Pitts and that Pitts was negligent in representing plaintiff's brother's estate, and that she slandered plaintiff. Defendants now move to dismiss based on the absence of subject matter jurisdiction and the failure to state a claim. In his somewhat confusing submissions, plaintiff characterizes his claim against Sellen as a § 1983 claim. Thus, I have jurisdiction over it pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). However, if plaintiff is suing Sellen in his official capacity, his claim is one against the State and is barred by the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332, 337 (1978).

Treating plaintiff's claim against Sellen as an individual capacity claim, I can dismiss it only if it appears beyond doubt that plaintiff cannot adduce facts that would entitle him

to relief. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Plaintiff appears to allege that Sellen deprived him of procedural due process by failing to heed his request to review plaintiff's grievance against Pitts after it had been closed. In order to establish a violation of procedural due process, the plaintiff must show that he was deprived of liberty or property without having been given notice and an opportunity to be heard prior to the deprivation. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). The Supreme Court has stated that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . [h]e must, instead, have a legitimate claim of entitlement to it." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Recently, the Court held that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzales, No. 04-278, 2005 U.S. LEXIS 5214, at *14-15 (June 27, 2005).

In the present case, plaintiff has no property interest in having Sellen review the OLR's closure of a grievance. Taking everything in the light most favorable to plaintiff, plaintiff has not alleged anything more than that he desired that Sellen perform the review. Further, Sellen was not required to grant the review. OLR rules provide that "the grievant <u>may</u> obtain review by the director of the staff's closure of a matter." Wis. SCR 22.02(4). Thus, the benefit plaintiff sought did not rise to the level of entitlement necessary to create a property interest. Even if plaintiff had a property interest in having a review, he has not alleged facts from which it could be inferred that Sellen deprived him of it. Under OLR procedure, a review of a closed grievance may occur if the review is requested "within 30 days after the date of the letter notifying the grievant of the closure." Wis. SCR 22.02(4).

Sellen notified plaintiff of this rule, but plaintiff did not request review within thirty days of the closure of his grievance. Thus, plaintiff's § 1983 claim against Sellen fails.

Plaintiff's claims against Pitts are state law claims, and it appears that both plaintiff and Pitts are citizens of Wisconsin. Thus, I have neither federal question nor diversity jurisdiction over plaintiff's claims against Pitts. Even assuming that plaintiff's claims against Pitts are "so related" to his claim against Sellen that I have supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a), having dismissed plaintiff's claim against Sellen, I decline to exercise jurisdiction over such claims. See 28 U.S.C. § 1367(c)(2).

For the reasons stated,

**IT IS ORDERED** that defendants' motion to dismiss plaintiff's claim is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 5 day of July, 2005.

/s_____
LYNN ADELMAN
District Judge